# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | | |
|---|---|---|
| Maurice Mickling, | ) | |
| Petitioner, | ) | |
| | ) | No. 20 CV 50160 |
| v. | ) | Judge Iain D. Johnston |
| | ) | |
| Andrew Ciolli,[1] | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Maurice Mickling has filed a motion under 28 U.S.C. § 2241 seeking to overturn his conviction and sentence for being a felon in possession of a firearm because the government had no evidence that he knew he was a felon when he possessed the firearm. For the reasons that follow, his petition [1] is denied.

## Background

On December 11, 2013, police in Denver, Colorado, looked for Mr. Mickling so they could arrest him on an active warrant. PSR [17] at 3. Using data from his cellphone, they determined that he was at a local hotel and set up surveillance. *Id.* They observed him leave the hotel, retrieve a blue bag from his vehicle, and then return to the hotel. *Id.* When he exited again, he noticed the officers and fled on foot. *Id.* While fleeing, he threw a gun over a fence (which hit a bystander) and dropped his blue bag. *Id.* Officers caught and arrested him and retrieved the gun and bag, which contained 3.69 grams of crack cocaine and a digital scale. He was indicted on three counts: being a felon in possession of a firearm (Count 1), *see* 18 U.S.C. § 922(g)(1); possession of cocaine base with intent to distribute (Count 2), *see* 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of drug trafficking offense (Count 3), *see* 18 U.S.C. § 924(c)(1)(A). *See United States v. Mickling*, No. 14 CR 16 (D. Colo.), Dkt. 1. Before trial, the court granted Mr. Mickling's motion to stipulate that he was a felon, a required element of the felon in possession count, Count 1. *See id.*, Dkts. 45, 143 at 15-16, 33. At trial, his counsel went further and led his closing argument by stating that "Mr. Mickling is guilty of Count 1. Find him guilty of Count 1." *Id.*, Dkt. 139 at 42.

Jurors convicted him of all three counts. In his PSR, his probation officer determined that Mr. Mickling qualified as a career offender because of prior offenses, and that as a result under U.S. Sentencing Guideline § 4B1.1(c)(3) his sentencing range was 360 months to life. PSR [17] at 6. On March 9, 2015, the district judge imposed a below guidelines sentence of 192 months' incarceration, consisting of 120 months on the felon in possession count, 12 months on possession with intent to distribute cocaine base count, and 60 months on the possession of a firearm in furtherance of a drug tracking offense count, all to run consecutively. *United States v.*

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

*Mickling*, No. 14 CR 16 (D. Colo.), Dkt. 123. Mr. Mickling appealed his conviction and sentence, but the Tenth Circuit affirmed. *See United States v. Mickling*, 642 Fed. Appx. 921 (10th Cir. 2016). On November 13, 2017, he filed a motion under 28 U.S.C. § 2255 asserting ineffective assistance of counsel and seeking to vacate his conviction on Count III and his sentence, but the district judge denied his motion as untimely. *United States v. Mickling*, No. 14 Cr 16 (D. Colo.), Dkt. 166. His projected release date is June 19, 2029.

On May 1, 2020, Mr. Mickling filed the instant petition under 28 U.S.C. § 2241. In it, Mr. Mickling argues that his conviction for being a felon in possession of a firearm cannot stand after the U.S. Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court first held that under 18 U.S.C. § 922(g), the government must prove not only that a defendant belonged to a group of persons prohibited from possessing a firearm or ammunition, but also that the defendant *knew* he was a member of that group. *See id.* at 2195-96. Although he has not specified the relief he seeks, it appears Mr. Mickling contends that his conviction for being a felon in possession should be vacated and that he should be resentenced because the government did not prove that he knew he was a felon. In response, the government argues that Mr. Mickling cannot raise his argument under 28 U.S.C. § 2241 and that, even if he could, he would not prevail because of evidence establishing that he knew he was a felon.

The normal avenue available to a federal prisoner to collaterally attack his sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of either the conclusion of the direct appeal or certain other events such as a Supreme Court decision newly recognizing a right that applies retroactively, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion requires permission and must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). If a prisoner cannot meet any of those requirements, he may be able to proceed under the "saving clause" of 28 U.S.C. § 2255(e), but only if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

The Court need not determine whether Mr. Mickling's argument falls within the saving clause of § 2255(e) because even if it does, his petition would still fail because he could not establish any error that would require setting aside his conviction. Although arising in the context of plain error on a direct appeal, the Seventh Circuit has held that even though the government did not prove at trial that a defendant knew he was a felon, the error did not "'seriously affect[] the fairness, integrity or public reputation of judicial proceedings'" when evidence beyond the trial record establishes that the defendant must have known he was a felon. *United States v. Maez*, 960 F.3d 949, 962-63 (7th Cir. 2020) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). In *Maez*, the Seventh Circuit concluded that evidence that a defendant had served years in prison for each of multiple prior felonies, plus the defendant's stipulation at trial that he was a felon, left that court "confident that Maez knew he was a felon." *Id.* at 964.

Similarly in this case, Mr. Mickling stipulated that he was a felon, and in fact his attorney argued in closing that Mr. Mickling was guilty of being a felon in possession and jurors should

convict him on that count. *See Mickling*, No. 14 CR 16 (D. Colo.), Dkts. 45, 139 at 42, 143 at 15-16. In addition, his PSR details his criminal history, which includes two prior felony drug convictions and a conviction for felony menacing. PSR [17] at 10-13. The PSR reveals that for one of the drug convictions he was originally sentenced to four years' incarceration, the other to ten years' incarceration, and for the felony menacing conviction he was sentenced to three years' incarceration, *id.*, and so the lengths of those sentences alone would have alerted Mr. Mickling to the fact that his convictions were for felonies. It is not clear from the PSR exactly how much time Mr. Mickling served in custody for those three offenses. But according to docket entries from his state criminal cases that Mr. Mickling attached to his reply brief, he was already in custody at his December 18, 2009, sentencing for the first drug offense, and was in custody on September 3, 2010, when the state criminal court reduced his sentence for his second drug offense to 10 years in community corrections, which Mr. Mickling indicates is a type of boot camp. Reply [21] at 3, 7. He was moved to a halfway house on November 14, 2011, for all three offenses. PSR [17] at 10-11, 13.

Nothing in the docket entries Mr. Mickling provided or in the PSR indicates he was ever released from custody between his sentencing on December 18, 2009, and when he was placed in the halfway house on November 14, 2011, and so it appears he spent more than a year in custody for those offenses. He was then re-imprisoned for an additional nine months after going AWOL from the halfway house on April 12, 2012. *Id.* Mr. Mickling contends that "the only time spent in jail or prison was for the application process or violations of the Community Corrections Center," and so he never "spent 1 year in any jail, prison or Community Correction Center." Reply [21] at 3. But as just discussed, the record does not support Mr. Mickling's contention that he never spent more than a year in custody for these offenses. In addition, given his criminal record, the sentences he originally received for his prior drug and felony menacing convictions that each greatly exceeded one year, his return to custody after going AWOL from the halfway house, combined with his stipulation at trial that he was a felon, and his own attorney's argument to jurors that he was guilty of Count I, there can be no serious question that Mr. Mickling knew he was a felon at the time he committed the underlying offense. *See Maez*, 960 F.3d at 962-68; *see also United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (a defendant who served more than a year in prison for a prior offense would face an uphill battle to show that a *Rehaif* error affected his substantial rights).

The Court notes that in his petition, Mr. Mickling attempts to establish that he can proceed under the saving clause of § 2255(e) (which for purposes of this order the Court has assumed) by establishing "actual prejudice," which he contends consists of his attorney admitting that he was guilty of being a felon in possession of a firearm at trial against his wishes. Dkt. 1 at 20. In his reply brief, for the first time he appears to argue that his attorney was ineffective for conceding his guilt, which counsel would never have done post-*Rehaif*. Reply [[21] at 2. Arguments first raised in a reply brief are forfeited. *United States v. Terzakis*, 854 F.3d 951, 957 (7th Cir. 2017). By waiting until his reply brief to raise the argument, he denied the government the ability to address it, including whether such an argument is properly raised under § 2241. Moreover, it is not clear how he could establish that counsel was ineffective for not anticipating *Rehaif* given that he has also argued in his petition that "the legal basis for his *Rehaif* claim was not reasonably available to counsel at the time of trial." Petition [1] at 18.

Finally, the Court notes that the petitioner has written to report that he has been subjected to excessive force, assault and battery while incarcerated at AUSP Thomson, that he plans to pursue his administrative remedies and file claims under *Bivens* and the Federal Tort Claims Act, and that he wrote the letter to establish his diligence in pursuing those potential claims. Because those claims are not within the scope of his § 2241 petition, the Court will not address the letter further.

## CONCLUSION

For the reasons given, Mr. Mickling's petition [1] is denied. This civil case is terminated, and the clerk is directed to enter judgment.

Mr. Mickling is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Mickling need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Petitioner cannot show that reasonable jurists would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: June 2, 2021      By: _____

Iain D. Johnston
United States District Judge